IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

V.                                    CRIMINAL NO. 5:18-cr-21-DCB-LGI-002

DENONTA THADISON                                              DEFENDANT

ORDER

BEFORE THE COURT is Denonta Thadison ("Defendant")'s Motion for Clarification [ECF No. 91], Defendant's Second Motion for Clarification [ECF No. 92], Defendant's Third Motion for Clarification [ECF No. 93], and Defendant's Motion Requesting of a Suppression of Transcripts and Exhibits [ECF No. 94] ("Motions"). The Court, having examined the motions, the record, the applicable legal authorities, and being fully informed in the premises, finds as follows:

I. Background

On September 7, 2018, a federal grand jury entered a three-count indictment on Defendant concerning federal drug charges[1] while on supervised release for various state crimes. [ECF No.

---

[1] The drug charges were (1) Conspiracy to distribute and possess with an intent to distribute a detectable amount of cocaine hydrochloride; (2) Using a telephone to attempt possession with an intent to distribute a controlled substance; (3) Knowingly and intentionally possessed and intended to distribute a controlled substance containing a detectable amount of cocaine hydrochloride. [ECF No. 81].

1

81]. On April 16, 2021, state police apprehended Defendant in Mississippi on "related and unrelated" drug charges.[2] Id.

Defendant was initially held in Pike County but later transferred to federal custody on May 3, 2021, via a writ of habeas corpus ad prosequendum. [ECF No. 92]. On August 9, 2022, Defendant pled guilty to conspiracy to possess with intent to distribute a detectable amount of cocaine (Count One) in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) pursuant to a plea agreement. [ECF No. 81]. On November 15, 2022, this Court sentenced Defendant to 87 months in the custody of the Federal Bureau of Prisons. Id.

Defendant was subsequently transferred back to the custody of Pike County for prosecution of his 2021 drug charges. [ECF No. 92]. On February 13, 2023, the Circuit Court of Pike County sentenced Defendant on state charges, ordering the state sentence to run concurrently with the federal sentence from November 2023.[3] Id.

In the instant Motions, Defendant now seeks clarification on the concurrent nature of his sentences, asserting that the federal and state charges are related. [ECF No. 91-94].

---

[2] Defendant attempted to flee and dispose of a substantial quantity of cocaine during the 2021 arrest. [ECF No. 81].
[3] The state charges were (1) Unlawful possession of at least ten (10) but not less than thirty (30) grams of cocaine with intent to distribute; (2) felony fleeing from law enforcement officer in a motor vehicle; and (3) possession of a firearm by a convicted felon. [ECF No. 81].

## II. Legal Standard & Analysis

### A. Primary Jurisdiction

"In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for 'the administration of [its own] criminal justice syste[m].'" Setser v. United States, 566 U.S. 231, 241 (2012) (quoting Oregon v. Ice, 555 U.S. 160,170 (2009)).

"Primary jurisdiction controls the analysis in state and federal sentencing interaction." Henry J. Sadowski, Federal Sentence Computation Applied to the Interaction of Federal and State Sentences, 38-Apr Champion 38, 40 (2014). Primary jurisdiction is determined by the court that first arrests the defendant, and consequently determines which order a defendant will serve his respective sentences. United States v. Cibrian, 374 F. App'x. 425, 430 (5th Cir. 2010). "[T]wo simple rules help: (1) The sovereign who first detains the defendant without relinquishing jurisdiction holds primary custody, and the primary custodian's sentence is served first; and (2) federal sentences are calculated by the Bureau of Prisons, and a state court judgment will not impact its decisions." Jenny L. Devine, Sovereign v. Sovereign: Achieving Desired Sentencing Outcomes in Two Dueling Jurisdictions, 37 SPG Crim. Just. 11 (2022).

The first rule states that primary jurisdiction is determined based on which sovereign arrests the defendant, as opposed to the sovereign that first indicts or sentences the defendant. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." Id. (citing United States v. Smith, 812 F. Supp. 368, 370 n.2 (E.D.N.Y. 1993)). When defendants are brought before a court through a Writ of Habeas Corpus ad prosequendum, the court that first had custody of the defendant is not stripped of its primary jurisdiction; instead, the defendant is merely "loaned" to the other sovereign and set to return to the court with primary jurisdiction when the secondary proceedings are over. Id. at 896-97. Writs of Habeas Corpus ad prosequendum signal that the court issuing the writ does not have primary jurisdiction. Devine supra, at 12. "Consequently, the federal court lacks jurisdiction to interfere with a state sentence because the state acquires primary jurisdiction for trial, sentencing, and incarceration . . . . The state sentence is served first because the state has primary custody of the defendant." Cibrian, 374 F. App'x. at 532 n.5.

The second rule that helps determine primary jurisdiction emphasizes the finality of federal court judgments against defendants and the limited circumstances in which federal

4

judgments can be modified. Dillon v. United States, 560 U.S. 817, 827 (2010) (citing 18 U.S.C.A. §3582(c)). "No law or rule allows a federal judge to modify its judgment to 'concurrent' or 'consecutive,' or to change imposing time in prison based on some later event in state court. Any motion asking for this relief in federal court would be denied as lacking jurisdiction." Devine supra, at 12. After a federal judgment is entered, the Bureau of Prisons ("BOP") has the authority to determine how the federal sentence will be served. See Setser v. United States, 566 U.S. 231, 329 (stating that BOP has the authority to credit state time in prison to the federal sentence through a nunc pro tunc designation, but does not have the authority to determine whether sentences will run concurrently); See also, United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). Cibrian supplied an illustration that demonstrates the limited influence state courts have over federal sentences ultimately promulgated by the BOP:

> [E]ven though a state court may order its sentence to run concurrently with a federal sentence in a related case, the federal court is not bound by the state court's order. Instead, federal courts consider 'concurrent sentences imposed by state judges [to be] nothing more

5

> than recommendations to federal officials.' The federal court is 'free to turn those concurrent sentences into consecutive sentences by refusing to accept the [state] prisoner until completion of the state sentence.

374 Fed. App'x. at 529 (citations omitted). In other words, a state court's opinion on how the federal sentence will be served does not affect "the BOP's calculation and enforcement of a defendant's federal sentence." Devine supra, at 12. While primary jurisdiction determines the order in which different sentences imposed by different sovereigns will be served, it is ultimately up to the federal court to determine how the two sentences will run, since state courts cannot mandate how the BOP will impose the federal sentence. Id.

    Three relevant statutes impact how the BOP will administer the federal sentence:

(1) 18 U.S.C. § 3584(a)— "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

(2) 18 U.S.C. § 3585(a)— Federal sentences start "on the date defendant is received in custody" at "the official detention facility" where "the sentence is to be served."

> (3) 18 U.S.C. § 3585(b)— Credit for time served is used in the federal computation of a sentence only when it "has not been credited against another sentence."

Id. When a federal court is silent on how the two sentences will run, the BOP assumes that they will run consecutively, despite orders from the state court declaring otherwise. 18 U.S.C. § 3584(a). Because the BOP has discretion over the federal defendants, and primary jurisdiction determines the order in which the two sentences will be served, a defendant in primary state custody would first serve the full state sentence (which would then grant primary jurisdiction to the federal court), and then the BOP would take that defendant to federal custody where his time would begin for the federal sentence. 18 U.S.C. § 3585(a). Time in federal custody pursuant to a writ of habeas corpus ad prosequendum does not contribute to credit for the federal sentence. See United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985) ("[S]hort intervals while 'on loan' to federal authorities pursuant to writs of habeas corpus ad prosequendum [does not interrupt] the state's custody . . . and he was therefore due no [federal] credit."). With these considerations in mind, it is clear

7

that the BOP plays an important role in executing the federal judge's desired implementation of the federal sentence.[4]

### B. Defendant's Three Motions for Clarification

18 U.S.C. § 3584(a) mandates that when federal judgments are silent on whether two sentences should run concurrently, they are presumed to run consecutively. 18 U.S.C. § 3584(a). However, a bar to judicial discretion over how the sentences are executed occurs when statutes mandate consecutive imposition. See U.S. v. Gonzales, 520 U.S. 1, 2 (1997) (statute specifically prohibited the sentences to run concurrently). Otherwise, district court judges have the discretion to impose federal sentences concurrently or consecutively. 18 U.S.C. § 3584(a). This discretion continues even in cases where there is an anticipatory state sentence on related charges. See Setser, 556 U.S. 231 (2012).

At this point in the proceedings, the Court must ascertain whether federal or state court has primary jurisdiction to

---

[4] Devine supra, at 13 ("A de facto consecutive sentence means the defendant will first serve the state sentence in state prison, and only upon its expiration be transferred to the BOP to serve day one of the federal sentence with no credit for any time served that had been granted to the state sentence. **Even favorable language in the state judgment cannot prevent this federal outcome:** (1) The defendant is a primary state inmate and serves the state sentence first in state prison; (2) only upon completion of the state sentence is the defendant received into federal custody; (3) if the BOP determines that the federal judge intended a concurrent sentence, it will seek to honor that intent, but a silent federal judgment is construed as a de facto consecutive sentence; and (4) the defendant receives credit only for the time served from the federal arrest until the federal bail, and any time used by the state sentence will not be credited to the federal sentence.") (emphasis added).

determine in which order the sentences will be served. The Fifth Circuit has held that primary jurisdiction is determined by which sovereign first arrested Defendant. Cibrian, 374 F. App'x. at 430.

In April of 2021, state police arrested Defendant according to a tip they received, stating that Defendant "possessed illegal narcotics for the purpose of distribution" in McComb, Mississippi. [ECF No. 81]. This means that the state has primary jurisdiction over Defendant. Cole, 416 F.3d at 897 (explaining that the sovereign that first arrests the defendant has primary jurisdiction). This is further evidenced by the fact that Defendant was brought to federal court by a writ of habeas corpus ad prosequendum. Devine supra, at 12. Therefore, Defendant's state sentence is to run before the federal sentence. Cibrian, 374 F. App'x. at 430.

Moreover, the district court was silent as to whether the federal sentence would run concurrently with the anticipatory state sentence, consequently directing the BOP to execute the federal sentence consecutive to the state sentence. 18 U.S.C. § 3584(a). [ECF No. 88]. Since federal judgments are final, district courts cannot subsequently declare that sentences are to run concurrently after they were silent on the issue. Dillon, 560 U.S. at 827. This is true despite the state court's desire for the sentences to run concurrently since a "federal court is not bound

9

by the state court's order." Cibrian, 374 F. App'x. at 529. Because federal court judgments are final, and defendants are not credited with time served in federal custody until they are in the BOP, Defendant will not have begun his federal sentence until he is in the BOP. Brown, 753 F.2d at 456 (explaining that writs of habeas corpus ad prosequendum do not contribute to credit for the sentence imposed by the court that issued the writ).

In briefing, Defendant contends that the state and federal sentences are related. [ECF No. 92]. In 2012, the Supreme Court resolved a case where a defendant faced state and federal charges stemming from the same crime: possessing methamphetamine with an intent to distribute in violation of federal and Texas law. Setser, 566 U.S. at 233. The Court determined that the district court may dictate how the federal sentence is to run with the anticipatory state sentence and affirmed that this power does not belong to the BOP. Id. Defendant's case is distinguishable from Setser because "[t]he [federal] warrant was executed following his arrest on unrelated charges on April 16, 2021." [ECF No. 81]. Because federal court judgments are final and may only be modified in special circumstances (for example, clerical errors), the BOP will execute a de facto consecutive sentence since the federal court judgment was silent as to whether the federal sentence should run concurrently or consecutively to the state sentence. Devine supra, at 12.

In conclusion, despite the intentions of the state court in ordering the state sentence to run concurrent with the federal sentence, it is not binding on the BOP. The district court no longer has jurisdiction to determine that the federal sentence will run concurrently.

C. Remedies to Effectuate Concurrent State and Federal Sentences

Even though Defendant's federal sentence is final, there are two possible remedies at Defendant's disposal to allow his federal sentence to run concurrently with his state sentence.

Normally, unintentional consecutive sentences occur because courts "assumed the defendant's terms would run concurrently without stating it, not realizing how primary custody would affect the dual sentences." Devine supra, at 14. However, "it is far easier for a state judge to modify or amend their judgment to accomplish" concurrent federal and state sentences. Id. This can be remedied through the state court imposing a day-certain time-served judgment. Id. Devine explains,

> One way to [remedy unintentional consecutive sentences] is to impose a short, retroactive, day-certain time-served judgment (such as 30 days jail time with 30 days' credit for time served). This results in the release of the defendant from state custody and transfer to federal

11

custody, when the defendant will immediately begin service of the federal sentence less the days credited to the state sentence. The state judge can thus ensure that the defendant is serving the intended total time (via the federal judgment) in federal custody.

Id. The state court ordered Defendant's state sentence to be served in the Mississippi Department of Corrections. [ECF No. 92] If the state court would declare a date that Defendant would finish his state sentence and credited with the time he served in state custody (April 2021 - October 2022; November - Present) and declare that the sentence would be served in the BOP, the two sentences would run concurrently.

Defendant could also petition the BOP to use its authority granted in 18 U.S.C. § 3621(b) to perform a nunc pro tunc designation of the state facility. Devine supra, at 14. The BOP is required to consider the defendant's request for nunc pro tunc. See Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Once received, the BOP will ask the sentencing district court judge and the prosecutor's opinion and form their response accordingly. Devine supra, at 14.

Defendant's Second Motion for Clarification is correct in asking for Defendant to be transferred to the BOP. [ECF No. 92]. However, the power to grant that relief is in the hands of the

state sentencing judge or the BOP, and not this Court. Devine supra, at 14.

### D. Defendant's Motion to Suppress

On March 20th, 2024, Defendant filed a Motion Requesting of a Suppression of Transcripts and Exhibits concerning the Second Motion for Clarification of Sentence, citing a violation of Chapter 10 of the MDOC Inmate Handbook. [ECF No. 94]. Upon review of the record, this Court will liberally construe this motion as a Motion to Withdraw. See Collins v. Dallas Leadership Found., 77 F.4th 327, 330 (5th Cir. 2023) (finding that courts liberally construe fillings of pro se litigants). However, pursuant to this Court's Order, the basis for the Motion to Withdraw [ECF No. 94] no longer exists because the second Motion for Clarification of Sentence [ECF No. 92] is denied, which renders the Motion to Withdraw [ECF No. 94] moot. Therefore, the Motion to Withdraw [ECF No. 94] is denied as moot.

### III. Conclusion

In short, this Court may not modify its judgment to declare that Defendant's federal sentence run concurrently with the state charges. However, Defendant may either (1) ask the state sentencing judge to credit him with time served and declare that his sentence will be executed in the BOP or (2) petition the BOP for a nunc pro tunc designation of the state prison facility, which will

13

ultimately depend on the discretion of this Court and the federal prosecutor.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Clarification [ECF No. 91] is DENIED for lack of jurisdiction.

IT IS FURTHER ORDERED that Defendant's Second Motion for Clarification [ECF No. 92] is DENIED for lack of jurisdiction.

IT IS FURTHER ORDERED that Defendant's Third Motion for Clarification [ECF No. 93] is DENIED for lack of jurisdiction.

IT IS FURTHER ORDERED that Defendant's Motion Requesting of a Suppression of Transcripts and Exhibits [ECF No. 94] is DENIED as moot.

SO ORDERED, this 7th day of August, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE