IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

V.                              CRIMINAL NO. 5:18-cr-21-DCB-LGI-002

DENONTA THADISON                                        DEFENDANT

## ORDER

BEFORE THE COURT is Denonta Thadison ("Defendant")'s Motion for a nunc pro tunc designation. [ECF No. 97]. Defendant moves that the court retroactively designate that his federal sentence run concurrently to his state sentence. Id. This motion is DENIED.

I. Background

On September 7, 2018, a federal grand jury entered a three-count indictment against Defendant concerning federal drug charges while said defendant was on supervised release for various state crimes. [ECF No. 81]. On April 16, 2021, state police apprehended Thadison in Mississippi on "related and unrelated" drug charges. Id.

Defendant was initially held in Pike County but later transferred to federal custody via a writ of habeas corpus ad prosequendum. [ECF No. 92]. On August 9, 2022, he pleaded guilty to conspiracy to possess with intent to distribute a

detectable amount of cocaine (Count One) in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) pursuant to a plea agreement. [ECF No. 81]. On November 15, 2022, this court sentenced Defendant to 87 months in the custody of the Federal Bureau of Prisons ("BOP"). Id.

Thadison was subsequently transferred back to the custody of Pike County for prosecution of his 2021 drug charges. [ECF No. 92]. On February 13, 2023, the Circuit Court of Pike County sentenced Defendant on state charges, ordering the state sentence to run concurrently with the federal sentence from November 2023. Id.

The district court was silent as to whether the federal sentence would run concurrently with the anticipatory state sentence, consequently directing the BOP to execute the federal sentence consecutive to the state sentence. 18 U.S.C. § 3584(a); [ECF No. 88]. Since federal judgments are final, district courts cannot subsequently declare that sentences are to run concurrently after they were silent on the issue. Dillon v. United States, 560 U.S. 817, 827 (2010). This is true despite the state court's desire for the sentences to run concurrently since a "federal court is not bound by the state court's order." United States v. Cibrian, 374 F. App'x 524, 529 (5th Cir. 2010).

Before filing the Motion addressed in this order, Defendant filed three motions for clarification, all of which were considered and dismissed by this Court for lack of jurisdiction. [ECF No. 95]. Defendant sought clarification on the concurrent nature of his sentences, asserting that the federal and state charges are related. Id. at 2. The Court concluded that "despite the intentions of the state court in ordering the state sentence to run concurrent with the federal sentence, it is not binding on the BOP" and that the district court did not have jurisdiction to determine whether the federal sentence would run concurrently with the state sentence. Id. at 11.

In its order, this Court presented Defendant with two possible means to remedy an unintentional consecutive sentence. First, the Court suggested that "if the state court would declare a date that Defendant would finish his state sentence and [be] credited with the time he served in state custody . . . and declare that the sentence would be served in the BOP, the two sentences would run concurrently." Id. at 12. Alternatively, the Court suggested that Defendant petition the BOP to use its authority granted in 18 U.S.C. § 3621(b) to perform a nunc pro tunc designation of the state facility. Id. Once the BOP receives a motion for a nunc pro tunc designation, it will ask the sentencing district court judge and the prosecutor's opinion and form its response accordingly. Id.

II.  Legal Standard

The discretion to grant a motion for a nunc pro tunc designation lies with the BOP, not with the sentencing federal court. Once a prisoner files such a motion, the BOP is required to consider it. 18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476, 478 (3rd Cir. 1990). 18 U.S.C. § 3621(b) grants the BOP the power to designate the place of a prisoner's confinement. Discretion to decide the place of imprisonment lies solely with the BOP, and "any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section." 18 U.S.C. § 3621(b)(5). In considering a petitioner's motion for a nunc pro tunc designation, the BOP will write to the sentencing court asking if it has any objections. Federal Bureau of Prisons Program Statement 5160.05(4)(c).

In Barden, mentioned above, the Third Circuit noted that if the BOP fails to consider a prisoner's nunc pro tunc motion, the prisoner may file a habeas corpus petition under 18 U.S.C. § 2241 with the district court asking that it compel the BOP to consider the motion. Barden, 921 F.2d at 483. Here, Thadison has made no mention of any motion directed towards the BOP; in fact, he addresses his motion towards the BOP while asking for relief

from this Court. [ECF No. 97] at 1. A prisoner should use the proper channels to address his motion for a nunc pro tunc designation to the BOP for consideration.

III. Conclusion

Here, the sentencing state court has determined that a concurrent designation is appropriate, and this Court has determined that at this point it has no jurisdiction to determine whether the sentences should run concurrently. [ECF No. 95] at 2, 13. Defendant has erroneously moved for a nunc pro tunc designation in this Court when he should have moved for such a designation from the Federal Bureau of Prisons. Therefore, Defendant's Motion is DENIED.

SO ORDERED this the 13th day of December, 2024.

/s David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE

5