IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

V.                              CRIMINAL NO. 5:18-cr-21-DCB-LGI-002

DENONTA THADISON                                          DEFENDANT

ORDER

BEFORE THE COURT is Denonta Thadison ("Defendant")'s "Letter re Time Served Credit." [ECF No. 96]. Insofar as Defendant's letter challenges the manner in which his sentence is being executed, this Court construes it as a habeas petition pursuant to 28 U.S.C. § 2241 requesting credit toward Defendant's sentence for the time he spent in federal custody prior to sentencing. See United States v. Melbert, 410 F.App'x 750, 752 (5th Cir. 2010) (construing request for time served credit as a motion arising under 28 U.S.C. § 2241). Defendant's motion is DENIED for the reasons enumerated below.

I.   Background

On September 7, 2018, a federal grand jury entered a three-count indictment against Defendant concerning federal drug charges while said Defendant was on supervised release for various state crimes. [ECF No. 81]. On April 16, 2021, state

police apprehended Thadison in Mississippi on "related and unrelated" drug charges. Id.

Defendant was initially held in Pike County but later transferred to federal custody on May 19, 2021, via a writ of habeas corpus ad prosequendum. [ECF No. 35]. On August 9, 2022, Defendant pleaded guilty to conspiracy to possess with intent to distribute a detectable amount of cocaine (Count One) in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) pursuant to a plea agreement. [ECF No. 81]. On November 15, 2022, this Court sentenced Defendant to 87 months in the custody of the Federal Bureau of Prisons ("BOP"). Id.

On November 30, 2022, Defendant was transferred back to the custody of Pike County for prosecution of his 2021 drug charges. [ECF No. 92, 96-1]. On February 13, 2023, the Circuit Court of Pike County sentenced Defendant on state charges, ordering that the state sentence run concurrently with the federal sentence from November 2023. Id.

II. Legal Standard

In our dual-sovereign system of government, the sovereign who first detains a defendant without relinquishing jurisdiction holds primary jurisdiction. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2)

2

dismissal of charges, 3) parole, or 4) expiration of sentence." Id. (citing United States v. Smith, 812 F. Supp. 368, 370 n.2 (E.D.N.Y. 1993)). When a defendant is arrested by one sovereign, either state or federal, that defendant can be brought before the other upon issuance of a writ of habeas corpus prosequendum. Once the writ has been executed, the defendant is "loaned" to the other sovereign, while the arresting sovereign continues to maintain primary jurisdiction over that defendant.

When the state has primary jurisdiction, a defendant is not to be given credit towards his federal sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. 18 U.S.C. section 3585(b); United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985) ("[S]hort intervals while 'on loan' to federal authorities pursuant to writs of habeas corpus ad prosequendum [do not interrupt] the state's custody . . . and he was therefore due no [federal] credit."); Thomas v. Whalen, 962 F.2d 358, 361 n.2 (4th Cir. 1992) ("A prisoner is not even in custody for purposes of 18 U.S.C. section 3585 when he appears in federal court pursuant to a writ ad prosequendum; he is merely 'on loan' to federal authorities."). A defendant cannot receive such credit because while "on loan" to federal authorities, the defendant is still under the primary jurisdiction of the state; therefore, the sovereign sentencing

3

the defendant by writ of habeas corpus ad prosequendum has no authority to grant the credit for time served.

III. Analysis

In his letter seeking credit for time served, Thadison asks that this Court credit towards his sentence the time he served in federal custody from May 18, 2021, through November 30, 2022. [ECF No. 96] at 1. Thadison was originally arrested by Pike County police officers, so the State of Mississippi has primary jurisdiction over him. The Mississippi Department of Corrections Inmate Time Sheet shows that Defendant served pre-trial/pre-sentence time for his offenses at the state level from April 16, 2021 [the date of his arrest] through May 18, 2021 [the date of his transfer to federal custody] and from November 30, 2022 [the date of his transfer back to state custody] through February 13, 2023. [ECF No. 96-1] at 1. The record shows that on April 29, 2021, a writ of habeas corpus ad prosequendum was issued as to Denonta Thadison for May 19, 2021 at 9:00 a.m. [ECF No. 35]. Thadison remained in federal custody pursuant to the writ of habeas corpus ad prosequendum until he was returned to state custody on November 30, 2022. Therefore, during the period for which Defendant requests credit for time served he was in federal custody pursuant to a writ of habeas corpus ad prosequendum.

Although the case law clearly demonstrates that a defendant cannot receive credit towards his federal sentence for time served while under a writ of habeas corpus prosequendum, before resolving this issue the Court will address two complicating factors: the length of time Defendant served under the writ and the period from November 15 through November 30, 2022, after his sentencing was complete. First, the Court notes that Thadison remained in federal custody pursuant to the writ of habeas corpus prosequendum for over a year and a half. [ECF No. 96] at 1. Although there is no exact designation as to what constitutes "short intervals while 'on loan'" pursuant to a writ of habeas corpus ad prosequendum" for which a defendant may not receive time served credit, a year and a half of imprisonment subject to the writ appears to be on the longer end of the spectrum. See Brown, 753 F.2d at 456. The Second Circuit has affirmed a New York district court decision declining to grant a defendant time served credit for one year in federal custody pursuant to a writ of habeas corpus ad prosequendum. Lugo v. Hudson, 785 F.3d 852 (2d Cir. 2015). In the case at hand, Thadison remained in custody pursuant to the writ for nearly the entirety of the time for which he requests credit, and there is no precedent which creates an exception for defendants who served over a year pursuant to such a writ. Therefore, this Court finds that Defendant is not entitled to time served credit because the time

5

for which he requests credit was served under a writ of habeas corpus ad prosequendum.

Secondly, the Court addresses the fact that Defendant remained in federal custody for fifteen days after his sentencing. Although it could be argued that the writ expired upon sentencing, there is no indication that the state court ever relinquished its primary jurisdiction over Defendant. Thus Defendant remained under the state court's jurisdiction for the entirety of his time in federal jurisdiction from May 18, 2021 through November 30, 2022. Because the federal court never had primary jurisdiction over defendant, the Court is now unable to grant Defendant credit for time served on the dates requested because he remained under the state court's primary jurisdiction.

This Court further notes that the reason a defendant cannot receive time served credit for time served under a writ of habeas corpus ad prosequendum is to prevent double credit for such time, as it could be attributed toward their time served for the charges levied by the primary sovereign, in this case the state. See 18 U.S.C. § 3585(b). Therefore, Defendant could seek credit for this time from the primary sovereign at the time of service, that is, the State of Mississippi. Defendant is

6

still serving his state prison sentence, so it would be possible for such time to be credited against his state sentence.

IV. Conclusion

Inasmuch as Thadison was in federal custody pursuant to a writ of habeas corpus ad prosequendum during the period from May 18, 2021 through November 30, 2022, he is not entitled to have said time credited to his sentence. His motion is denied. For the foregoing reasons, IT IS HEREBY ORDERED that Denonta Thadison's letter construed as a Motion for Time Served Credit [ECF No. 96] is DENIED.

SO ORDERED, this the 13th day of December, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE